COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CARL WAYNE BRUCE,

        Defendant-Appellant.

UNPUBLISHED
August 17, 2017

No. 328925
Oscoda Circuit Court
LC No. 14-001354-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RACHEL LYNN BRUCE,

        Defendant-Appellant.

No. 329484
Oscoda Circuit Court
LC No. 14-001355-FC

---

Before: CAVANAGH, P.J., and METER and M. J. KELLY, JJ.

METER, J. (*concurring in part and dissenting in part*).

I concur in the majority's conclusions that (1) the prosecution presented sufficient evidence to sustain the convictions, (2) defendants have not demonstrated ineffective assistance of counsel with regard to the plea negotiations, and (3) Carl Bruce's counsel provided ineffective assistance in allowing Rachel Bruce's statements to be used against him. In light of this third conclusion, I agree that Carl is entitled to a new trial. I disagree, however, with the majority's conclusion that Rachel is entitled to appellate relief with regard to the expert-witness issue.

Dr. Dragovic stated at the evidentiary hearing that "whether [the victim] actually died of malnutrition, or he just appeared malnourished and emaciated, is something that one would like an answer to, but there was no post-mortem examination done. There was no autopsy performed to define any conditions more properly, and sort of interrelate them to the findings on the outside of the body of the deceased." Rachel's attorney asked, "So do you agree with Investigator Ross's opinion?" Dr. Dragovic answered, "I cannot either agree or disagree, because the malnutrition is an observation." He further testified that he "[could not] say that [the victim] was

not malnourished," but stated that he would like to have had more information regarding the precise cause of death. While he testified that he could not, with certainty, make a conclusion regarding the cause of the malnutrition (explaining that sometimes malnutrition can result from diseases within the body), he also testified that he could not say whether listing "malnutrition, dementia and neglect" as the cause of death was right or wrong. He reiterated that he had "no opinion" about the cause of death.

Ross testified at trial that "malnutrition seems to be the main cause" of the victim's death but that she did not know "the actual physical component of his death." She stated, "And so malnutrition is the closest that we can come to the actual cause of death." She later indicated that the cause of death was "lack of food and lack of water."

I cannot agree with the majority that the absence of Dr. Dragovic's testimony so undermined the reliability of the verdict such that Rachel has established ineffective assistance of counsel. As noted by the trial court, Dr. Dragovic did not provide a definitive refuting opinion regarding Ross's testimony. Moreover, Ross acknowledged that she was not a doctor and, very significantly, she stated that "malnutrition is the closest that we can come to the actual cause of death." As such, the jury was made aware of the limitations of Ross's testimony, even in the absence of testimony by Dr. Dragovic. In addition, Dr. Dragovic clearly and unambiguously stated that he could not determine the cause of death. Under the circumstances, Rachel was not deprived of a substantial defense due to counsel's negligence with regard to the expert-witness issue. See *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (in general, the failure to call a witness constitutes ineffective assistance only if it deprives the defendant of a substantial defense). Given all the evidence presented, which was ample in support of her convictions, including the conviction for first-degree felony-murder, Rachel has not demonstrated a reasonable probability that Dr. Dragovic's testimony would have changed the outcome of the trial. See *id*. at 188-189.

I would affirm Rachel's convictions[1] but reverse Carl's convictions.

/s/ Patrick M. Meter

---

[1] I reject the further arguments raised by Rachel that were deemed moot by the majority in light of their ruling on the expert-witness issue.